**Ruben GONZALEZ–CARRILLO,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–74525.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed May 9, 2007.

7. Id. at 788.

Manuel F. Rios, III, Esq., Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, Jonathan F. Potter, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOULD, PAEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Ruben Gonzalez–Carillo ("Gonzalez"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the immigration judge's ("IJ") determination that he was removable for committing a crime involving moral turpitude and denial of his application for an INA § 212(c) waiver of deportation. Gonzalez was convicted under Oregon Revised Statute ("ORS") section 163.125 for manslaughter in the second degree for recklessly causing the death of another, and under ORS section 813.010 for driving under the influence. Gonzalez challenges the determination that manslaughter in the second degree is a crime involving moral turpitude as well as the denial of discretionary relief. We conclude that we have jurisdiction, grant the petition, and as the parties requested at argument, we remand to the BIA for further proceedings so that it may determine whether Gonzalez was convicted of a crime involving moral turpitude.

■ The Government argues that we lack jurisdiction to address Gonzalez's claim that second-degree manslaughter is not a crime involving moral turpitude because Gonzalez allegedly failed to raise adequately the issue before the IJ and BIA. We disagree. Before the IJ, Gonzalez admitted that he had been convicted of second-degree manslaughter, but challenged his removability, albeit based on the timing of his conviction. Gonzalez argued in the alternative that he was eligible for and should receive a § 212(c) waiver of deportation. In his briefing before the BIA, Gonzalez specifically argued that he was not removable on the ground that second-degree manslaughter is not a crime involving moral turpitude because it "is not inherently base or vile, and lacks the requisite evil intent necessary to inhere moral turpitude." This was sufficient to pre-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

serve the issue. *See Zhang v. Ashcroft,* 388 F.3d 713, 721 (9th Cir.2004) (holding that petitioner sufficiently exhausted claim because, although briefly discussed, it "was sufficient to put the BIA on notice ... and the agency had an opportunity to pass on the issue" and further stating that "our precedent requires nothing more"). Thus, the issue of whether Gonzalez was removable for committing a crime involving moral turpitude was adequately raised below, and we have jurisdiction to consider it.

 Having determined that we have jurisdiction, we heed the parties' request to remand this case to the BIA so that the agency may consider in the first instance whether a conviction for manslaughter in the second degree under ORS section 163.125 is a crime involving moral turpitude. A remand is appropriate in this case because the BIA has not yet addressed whether a conviction under ORS section 163.125 is a crime involving moral turpitude. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). A remand would also provide the BIA with an opportunity to address the issue in light of our recent case law that bears on the issue. *See Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1165–66 (9th Cir.2006) ("[T]his circuit's precedent generally requires 'willfulness' or 'evil intent' in order for a crime to be classified as one involving moral turpitude."). Thus, we remand this case to the BIA so that it may determine whether Gonzalez committed a crime involving moral turpitude and was therefore removable under 8 U.S.C. § 1227(a)(2)(A)(i)(I).

We lack jurisdiction to review the IJ's discretionary denial of relief because, reviewing de novo, we conclude that Gonzalez–Carillo did not demonstrate any colorable due process violations.[1] *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir. 2003).

Petition for Review GRANTED in part, DISMISSED in part. REMANDED for further proceedings consistent with this disposition.

---

1. Where the BIA summarily affirms the decision of the IJ without opinion, we review the IJ's order. *See Acosta v. Gonzales,* 439 F.3d 550, 552 (9th Cir.2006).

